Erin K. Olson, WSBA  34656
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR  97232
Telephone:  (503) 546-3150
eolson@erinolsonlaw.com

Jane Paulson, WSBA 25602
Paulson Coletti Trial Attorneys P.C.
1022 N.W. Marshall St. #450
Portland, OR  97209
Telephone:  (503) 226-6361
jane@paulsoncoletti.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| **EDWARD J. McLAUGHLIN, JR.**, in his capacity as Personal Representative of the Estate of Michael Kilore McLaughlin,<br><br>Plaintiff,<br><br>v.<br><br>**WILLIAM FLOREY PROSSER,**<br><br>Defendant. | Case No.:  3:20-cv-6123<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff alleges as follows:

PAGE 1 – COMPLAINT

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Edward J. McLaughlin, Jr. ("Plaintiff"), is the Personal Representative of the Estate of Michael Kilore McLaughlin, having been so appointed on October 20, 2020, in Multnomah County, Oregon, Circuit Court Case No. 20PB06945.

2. Michael Kilore McLaughlin ("McLaughlin") was an unmarried 37 year-old man who resided and was domiciled in Portland, Multnomah County, Oregon, at the time of his death.

3. Plaintiff brings this action pursuant to RCW 4.20.010 *et seq.* for the benefit of C. C. M., McLaughlin's 11 year-old son.

4. Defendant William Florey Prosser ("Prosser") is a 27 year-old man who was at all times relevant a resident of 1540 Lakeview Road, Stevenson, Skamania County, Washington.

5. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and is between citizens of different states.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because this is a civil action brought in the judicial district where Prosser resides, and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

**PAGE 2 – COMPLAINT**

## GENERAL ALLEGATIONS

7.     On the evening of December 16, 2017, McLaughlin and Prosser both attended a mutual acquaintance's birthday celebration in Portland, Oregon.  After consuming alcohol for several hours at the Portland residence where the celebration began, the partygoers, including Prosser and McLaughlin, traveled to Bagby Hot Springs in the Mount Hood National Forest in Oregon to continue the birthday celebration.  Prosser and several others rode in a van that had been rented for the occasion by its driver, and McLaughlin drove the rest of the partygoers in his vehicle.

8.     Prosser brought several firearms concealed on and about his person to the birthday celebration, and took them with him in the van to Bagby Hot Springs.  When the driver of the van discovered two of Prosser's guns under a blanket, she became angry, and told the others she would not allow Prosser to ride with her back to Portland.  As a result, McLaughlin agreed to take Prosser in his vehicle at the conclusion of the event.

9.     The celebration ended several hours later, after the consumption of marijuana and more alcohol by Prosser, McLaughlin, and others.

10.     McLaughlin, Prosser, and three of the other celebrants left Bagby Hot Springs and headed toward Washington in McLaughlin's vehicle to

**PAGE 3 – COMPLAINT**

drop Prosser off at his Stevenson home, with Prosser driving most of the way. During the ride, Prosser made repeated advances toward the only female passenger in the vehicle, who repeatedly rebuffed the advances.

11. At approximately 8:30 a.m. on Sunday, December 17, 2017, the group arrived at the entrance to the driveway to Prosser's Stevenson, Washington, home. Prosser got out of the vehicle and approached the female passenger to ask if she would come inside with him. She again rebuffed Prosser, who persisted in trying to encourage her to go with him into the house. McLaughlin, who had gotten out of the vehicle to get into the driver's seat, began shouting at Prosser to leave the female passenger alone, and walked toward Prosser.

12. As McLaughlin approached him, Prosser went up the three steps leading onto the landing of the entrance to the nearby detached shop, then emerged holding the .357 magnum revolver he had been carrying concealed upon his person. Prosser stood on the landing and shot the unarmed McLaughlin in the chest. Prosser then came down the steps and shot McLaughlin a second time in the chest.

/ / /

/ / /

/ / /

**PAGE 4 – COMPLAINT**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

## FIRST CLAIM FOR RELIEF – WRONGFUL DEATH

### (RCW 4.20.010 and RCW 4.20.020)

13.     Plaintiff incorporates by reference paragraphs 1-12 as if set forth fully herein.

14.     Prosser's shooting of McLaughlin as alleged in paragraph 12 was intentional and wrongful, and directly and proximately caused McLaughlin's death.

15.     Plaintiff is entitled to damages pursuant to RCW 4.20.010 and RCW 4.20.020, including but not limited to, loss of love, affection, care, service, companionship, society, and training that McLaughlin would have provided to his son as well as monetary contributions McLaughlin would have made to his son, in an amount the jury determines in accordance with the law and the facts, but in no event less than $3 million, together with his costs and disbursements against Prosser.

## SECOND CLAIM FOR RELIEF – SURVIVAL ACTION

### (RCW 4.20.046 and RCW 4.20.060)

16.     Plaintiff incorporates by reference paragraphs 1-14 as if set forth fully herein.

**PAGE 5 – COMPLAINT**

17. As a direct and proximate result of Prosser's actions as alleged in paragraph 12, McLaughlin suffered physical injuries that resulted in his death.

18. Plaintiff is entitled to damages pursuant to RCW 4.20.046 and RCW 4.20.060, including but not limited to general damages for the pain, suffering, and fear experienced by McLaughlin before his death, and the medical and funeral expenses incurred as result of McLaughlin's death, in an amount the jury determines in accordance with the law and the facts, but in no event less than $3 million, together with his costs and disbursements against Prosser.

## JURY DEMAND

19. Plaintiff demands a jury trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PAGE 6 – COMPLAINT**

## DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.     On Plaintiff's First Claim for Relief, compensatory damages in an amount the jury determines in accordance with the law and the facts, but in no event less than $3 million, together with costs and disbursements necessarily incurred; and

B.     On Plaintiff's Second Claim for Relief, compensatory damages in an amount the jury determines in accordance with the law and the facts, but in no event less than $3 million, together with costs and disbursements necessarily incurred; and

C.     Such other and further relief as the court may deem appropriate in the circumstances.

DATED:  November 16, 2020.

> LAW OFFICE OF ERIN OLSON, P.C.
>
> /s/ Erin K. Olson
> _____
> Erin K. Olson, WSBA 34656
> eolson@erinolsonlaw.com
>
> PAULSON COLETTI TRIAL ATTORNEYS P.C.
>
> /s/ Jane Paulson
> _____
> Jane Paulson, WSBA 25602
> jane@paulsoncoletti.com
>
> Attorneys for Plaintiff

**PAGE 7 – COMPLAINT**